```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NORTH DAKOTA
                      SOUTHEASTERN DIVISION
```

MICHAEL SJOTHUN,                )
                                )
                   Petitioner,  )
                                )     Crim. No. 3:06-cr-61-01
       -vs-                     )     Civ. No. 3:07-cv-111
                                )
UNITED STATES OF AMERICA,       )
                                )
                   Respondent.  )

## Memorandum Opinion and Order

Before the Court is Petitioner Michael Sjothun's motion under 28 U.S.C. § 2255 (doc. #63).[1]  Because the motion is without merit, it is **DENIED**.

**I.  Facts**

In June 2006, the grand jury indicted Sjothun with his brother Matthew Sjothun; the indictment charged them with conspiracy, in violation of 18 U.S.C. § 371, and with aggravated identity theft, in violation of 18 U.S.C. § 1028A (doc. #8). Michael Sjothun was also individually charged with false statements in application for a passport, in violation of 18 U.S.C. § 1542 (doc. #8).  The Indictment alleged Michael and Matthew Sjothun conspired to acquire a passport with Michael's personal information but Matthew's picture, thus creating a false passport for Matthew to use.

---

[1] All citations to the docket are to the criminal docket, 3:06-cr-61.

1

Sjothun entered into a non-binding plea agreement under which he agreed to plead guilty to aggravated identity theft, which carried a mandatory minimum sentence of two years imprisonment (doc. #51).  Sjothun consented to a preparation of a presentence investigation (PSI) prior to the Court accepting the plea agreement (doc. #35).  In December 2007, Sjothun pled guilty to aggravated identity theft and was sentenced to two years imprisonment (doc. #52).

Sjothun now asks this Court to vacate his sentence under 28 U.S.C. § 2255, arguing ineffective assistance of counsel.  He claims his attorney failed to investigate facts that allegedly show no criminal offense occurred.

**II.  Discussion**

Sjothun waived his right to seek post-conviction relief in his plea agreement.  A plea agreement provision that contains a waiver of appeal and habeas corpus rights is enforceable provided the waiver is knowing and voluntary.  United States v. DeRoo, 223 F.3d 919, 923 (8th Cir. 2000)(citing United States v. His Law, 85 F.3d 379 (8th Cir. 1996)).  Id.  However, a defendant cannot waive his right to claim ineffective assistance of counsel relating to the negotiation of, or entry into, the plea agreement.  Id. at 924.  Because the only argument Sjothun makes is related to the effectiveness of his counsel, his motion has not been waived.

"A defendant faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255." United States v. DeRoo, 223 F.3d 919, 925 (8th Cir. 2000). The petitioner must show, first, that his attorney's representation was objectively deficient and, second, the attorney's deficient performance prejudiced his case. Strickland v. Washington, 466 U.S. 668, 687 (1984). The reasonableness of counsel's conduct is judged at the time of the challenged conduct. Id. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." Id.

Sjothun contends his attorney failed to investigate the facts of this case that allegedly show no criminal offense occurred. According to Sjothun, he and his brother did not conspire to falsely acquire a passport and he did not commit an aggravated identity theft. Michael Sjothun claims Matthew Sjothun and he went to a local Wal-Mart to have passport photos taken, and when Michael applied for a passport in Fargo in June 2005, he accidentally gave the passport office the wrong photograph, which he did not discover until he received the passport by mail in July 2005. Sjothun argues that had his attorney investigated the truth of these facts, she would not have advised Sjothun to plead guilty. Therefore, his counsel's assistance was ineffective.

The Court concludes this new recitation of the facts is frivolous. It is completely contradictory to the factual basis

3

the Court discussed with Sjothun under oath at his change of plea.  It is also contradictory to the factual basis the Court discussed with Matthew Sjothun under oath at his change of plea.  The docket clearly shows the defense attorney worked on this case extensively.  Sjothun has provided no proof other than his incredible and new recitation of facts that counsel did not conduct an investigation.  Counsel's work on this case, as reflected in the docket, shows counsel representation did not fall below Strickland's objective standard for attorneys.

Sjothun argues his attorney coerced him to make the statements that he did because Matthew Sjothun had already pled guilty and had been sentenced and his statements should correspond with Matthew Sjothun's statements.  However, Michael Sjothun notified the Court of his intent to change his plea in August 2006, prior to Matthew Sjothun's notice of change of plea and well before his sentencing.  Had the Court not requested a PSI prior to accepting the plea agreement, Michael Sjothun would have pled guilty prior to Matthew Sjothun.  His argument that he made the statements he did at his change of plea because of his brother's statements are a thinly veiled attempt to play one co-defendant against the other.  Michael Sjothun's ineffective assistance of counsel argument is without merit.

**III. Conclusion**

Sjothun's motion under 28 U.S.C. § 2255 is **DENIED**.  In addition, the Court certifies that an appeal from the denial of

4

these motions may not be taken in forma pauperis because an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.[2]

**IT IS SO ORDERED.**

Dated this 11th day of January, 2008.

*[signature: Rodney S. Webb]*
RODNEY S. WEBB, District Judge
United States District Court

---

[2] The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue Certificates of Appealability under Section 2253(c). Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

5